**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **JANE DOE (L.M.H.),** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **versus** | § | **CIVIL ACTION NO. 1:25-CV-00538** |
| | § | |
| **WYNDHAM HOTELS & RESORTS, INC.; WYNDHAM HOTEL GROUP, LLC; DAYS INN WORLDWIDE, INC.; and AAP REDEVELOPMENT, LLC;** | § § § § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**MEMORANDUM AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the court referred (#19) Defendants Wyndham Hotels & Resorts Inc., Wyndham Hotel Group LLC, and Days Inn Worldwide Inc.'s[1] Motion to Dismiss (#12) and Defendant AAP Redevelopment LLC's Motion to Dismiss (#14) to the Honorable Christine L. Stetson, United States Magistrate Judge, to make a recommendation for disposition. 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

I. Background

On June 23, 2026, Judge Stetson issued a Report and Recommendation advising the court to deny the motions to dismiss. *See* (#21). The Wyndham Defendants filed objections to the Report and Recommendation on July 7, 2026. (#22). On July 21, 2026, Plaintiff Jane Doe (L.M.H.) responded to the objections. (#23).

[1] The court refers to these Defendants as the Wyndham Defendants.

II. AAP Redevelopment's Motion to Dismiss

Defendant AAP Redevelopment LLC did not object to the Report and Recommendation. Accordingly, the court received and considered the recommendation to deny AAP's motion to dismiss or transfer, along with the briefing and pleadings. After careful review, the court finds that the relevant findings of fact and conclusions of law are correct. The court will therefore **ADOPT** the recommendation to deny AAP's motion to dismiss or transfer (#14).

III. Wyndham Defendants' Motion to Dismiss

A. Applicable Law

Parties who timely file specific, written objections to a magistrate judge's report and recommendation are entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

B. Analysis

The Wyndham Defendants' objections are not specific. Defendants merely read through the Report and Recommendation and aver why they believe its legal conclusions are incorrect, adding only general references to various ranges of pages. In any event, the court distills two

cognizable objections: that CAVRA allows actions against only the perpetrators of the underlying offense and that CAVRA does not provide for vicarious liability.

1. Proper Defendants under 18 U.S.C. § 2255

Relevant here, the Child Abuse Victims' Rights Act of 1986 (CAVRA) provides a cause of action for child victims of sex-trafficking violations to recover damages for "personal injury as a result of such violation[s], regardless of whether the injury occurred while such person was a minor." 18 U.S.C. § 2255(a). The Wyndham Defendants fault the Report for not following cases which conclude that Congress meant to limit "perpetrating" defendant. The plain language of this statute, however, does not limit its reach to defendants that are "alleged to have violated one of [its] enumerated crimes." (#22 at 2). Rather, it extends its reach to all who have caused a "personal injury as a result of [the] violation" that the plaintiff suffered. § 2255(a); *see* (#21 at 9 (first citing *T.D.P. v. Choice Hotels Int'l, Inc.*, 725 F.Supp.3d 784, 792 (S.D. Ohio 2024); and then citing *personal injury*, BLACK'S LAW DICTIONARY (10th ed. 2014)); *see also, e.g.*, *Jane Doe No. 8 v. Royal Caribbean Cruises, Ltd.*, 860 F.Supp.2d 1337, 1343 (S.D. Fla. 2012); *Bates v. Sequel Youth & Fam. Servs., LLC*, No. 2:23-CV-1063, 2026 WL 86833, at *3–5 (N.D. Ala. Jan. 12, 2026) ("Section 2255(a) simply does not contain the limiting words 'against the perpetrator.'"). The court must presume first, that Congress chooses statutory language carefully and second, once chosen, the words are afforded their ordinary, plain meaning. *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992.) The Wyndham Defendants' argument and their objection is that this court should rewrite the statute to state that a plaintiff only may sue the "perpetrator" of the enumerated offenses. The court rejects this invitation. Accordingly, the court **OVERRULES** the Wyndham Defendants' objection on the scope of CAVRA liability and **ADOPTS** the Report and Recommendation's reading of CAVRA's civil-remedy provision.

1. Vicarious Liability Under 18 U.S.C. § 2255(a)

CAVRA's civil-remedy provision sounds in tort. "[W]hen Congress creates a tort action, it legislates against a legal background of ordinary tort-related vicarious liability rules and consequently intends its legislation to incorporate those rules." *Meyer v. Holley*, 537 U.S. 280, 285 (2003). Those rules include the principle that a principal is liable for its agents' torts. *See id.* at 285–86. The Wyndham Defendants do not object to the Report and Recommendation's finding that L.M.H. pleads an agency relationship between them and AAP Redevelopment (#21 at 8 n.6);[2] thus, the court **ADOPTS** the Report and Recommendation's finding that L.M.H. pleads a CAVRA claim against the Wyndham Defendants.[3] Their objection that CAVRA does not provide for vicarious liability is **OVERRULED**.

2. Certification for Interlocutory Appeal

The Wyndham Defendants request that the court certify its interpretation of CAVRA for interlocutory appeal under 28 U.S.C. § 1292(b). "Interlocutory appeals are generally disfavored." *Mae v. Hurst*, 613 F. App'x 314, 318 (5th Cir. 2015) (quoting *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997)). "The decision to permit such an appeal is within the district court's sound discretion." *Goosehead Ins. Agency, LLC v. Williams Ins. & Consulting, Inc.*, 533 F.Supp.3d 367, 385 (N.D. Tex. 2020). Further, § 1292(b) "only provides for interlocutory appeals in exceptional cases." *Id.* In fact, "[d]istrict courts have unfettered

[2] Insofar as the Wyndham Defendants complain "that a principal cannot be vicariously liable for its agent's criminal acts" (#22 at 5), their objection is misplaced because causing personal injury is a tortious act. That L.M.H. also alleges that AAP Redevelopment violated 18 U.S.C. § 1591 is irrelevant to the Wyndham Defendants' (and AAP's) liability under CAVRA because the Trafficking Victims Protection Act says nothing about preventing a person's sex trafficking or sex-trafficking-related injuries (whereas CAVRA holds liable all who are legally responsible for causing personal injuries "as a result of" that person's trafficking).

[3] The Report and Recommendation does not conclude that the Wyndham Defendants are liable only under an agency theory. It also found that L.M.H. pleaded that they had enough control over the St. Louis Days Inn to be responsible for the personal injuries she suffered while being trafficked. *See* (#21 at 14).

discretion to deny certification, even when all three statutory criteria are satisfied." *Id.* (quoting *United States v. Labs.*, No. 6-CV-1769, 2016 WL 3571329, at *3 (N.D. Tex. Mar. 8, 2016)).

Here, "[o]ther than Defendants' disagreement with the [c]ourt's reading of the statutory text, Defendants have not advanced [binding] authority that would indicate the [c]ourt erred or that this issue demonstrates substantial ground for disagreement." *Id.* at 386. Moreover, "even if the court were to certify the interlocutory appeal, this litigation will not be shortened" because it "would proceed in the same manner against" AAP Redevelopment, whose presence in this matter is not affected by whether CAVRA supports vicarious liability. *Bates*, 2026 WL 86833, at *5; *see also, e.g.*, *Gruver v. Louisiana. ex rel. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.,* No. 18-CV-772, 2019 WL 6245421, at *2 (M.D. La. Nov. 22, 2019) (explaining that, "even if the Fifth Circuit reversed the [c]ourt's [r]uling[,] . . . it would not terminate the much broader litigation as to LSU . . .or the other Defendants sued herein").

The Wyndham Defendants also raise that personal jurisdiction is disputed (#22 at 6), but the Wyndham Defendants waived service of process (#s3, 4, 5) in an action based upon a statute providing for nationwide service of process. *See* 18 U.S.C. § 2255(c)(2). Their waiver "establishes personal jurisdiction." FED. R. CIV. P. 4(k)(1)(C).

IV. Order

For the reasons above, the Report and Recommendation (#21) is **ADOPTED** and all Defendants' motions to dismiss (#s12, 14) are **DENIED**.

**IT IS SO ORDERED**.

SIGNED at Beaumont, Texas, this 11th day of August, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE